IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATIE ABERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SODEXO OPERATIONS, LLC, a )<br>Delaware limited liability company; )<br>and CATHY WEDMAN, an individual, )<br>)<br>Defendants. ) | Case No. CIV-24-01215-JD |

## ORDER

Before the Court is the Motion to Dismiss ("Motion") filed by Defendants Sodexo Operations, LLC and Cathy Wedman (collectively "Defendants"). [Doc. No. 18]. Plaintiff Katie Aberson ("Plaintiff") filed a Response. [Doc. No. 19]. Defendants filed a Reply. [Doc. No. 20]. For the reasons outlined below, the Court grants the Motion.

**I.   BACKGROUND**

Defendant Sodexo Operations, LLC ("Sodexo") employed Plaintiff as Director of Food and Nutrition. [Doc. No. 1-1 at 5].[1] Defendant Cathy Wedman terminated Plaintiff's employment with Sodexo. [*Id.*]. The stated reasons for Plaintiff's termination were that Plaintiff purchased items from unapproved vendors without permission, planned an off-site wedding for an internal manager without approval, planned other off-site events without permission, and used sick days as vacation days. [*Id.*]. Plaintiff

---

[1] In this Order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

disputes the allegations and states that an investigation into the allegations never occurred. [*Id.*]. Plaintiff claims that the stated reasons for her termination were pretext and that she was terminated because she had recently terminated the executive chef, who was a black, gay woman. [*Id.*]. Plaintiff states that when she terminated the executive chef, the chef stated she would use her status as a black, gay woman to her advantage, and Plaintiff surmises that "this individual took it upon herself to set out to get [Plaintiff] terminated by using her race and gender and sexual preference to exploit Sodexo into terminating [her]." [*Id.*]. Plaintiff also claims that she had recently filed "a harassment case" against Wedman and another employee in human resources, Maria Miller. [*Id.*]. Plaintiff argues that her termination was in retaliation for Plaintiff filing the harassment case. [*Id.*].

Plaintiff, proceeding pro se, initiated this case in the District Court for Oklahoma County. [*See id.* at 1]. Defendants removed to this Court, based on federal question jurisdiction. [Doc. No. 1]. In her state court petition removed to this Court (hereinafter referred to as the complaint), Plaintiff asserts the following causes of action against Defendants: discrimination in violation of Title VII, retaliation in violation of Title VII, and a state law defamation claim. [Doc. No. 1-1 at 4].

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 18]. First, Defendants argue that the Court must dismiss all of Plaintiff's Title VII claims against Wedman because Title VII does not provide for individual liability. [*Id.* at 11–12]. Second, Defendants contend that Plaintiff cannot assert Title VII claims for gender, sex, or sexual orientation discrimination because she

did not exhaust her administrative remedies for those claims. [*Id.* at 12–14]. Defendants then argue that Plaintiff fails to state a claim for Title VII discrimination, Title VII retaliation, and defamation. [*Id.* at 14–22]. Lastly, Defendants request that the Court dismiss Plaintiff's claims with prejudice because amendment would be futile. [*Id.* at 22–23].

## II.     STANDARD OF REVIEW

### A.     Standards for pro se litigants

Because Plaintiff is proceeding pro se, the Court must construe her pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, Plaintiff must follow the Federal Rules of Civil Procedure, which govern all litigants in civil actions pending in federal court. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se parties must follow the same rules as other litigants); *see also* Fed. R. Civ. P. 81(c)(1) (stating the rules apply to a civil action after it is removed from a state court). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments

and searching the record." *Garrett*, 425 F.3d at 840. Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

### B.   Standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pled factual allegations in the complaint as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The Court must address what the Court can properly consider when deciding Defendants' Motion. Plaintiff asserts facts in her Response that she had not previously alleged. [Doc. No. 19]. It is well-established that, when deciding a motion to dismiss, the Court must consider whether the facts alleged in the complaint state a claim upon which relief can be granted. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (stating that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted"). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

If the Court considers matters outside the complaint, it may convert Defendants' Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court, therefore, must specifically outline what is excluded from its consideration. *Miller*, 948 F.2d at 1565 (explaining that "if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss").

Although courts sometimes allow the introduction of additional facts in a response to a motion to dismiss when they are consistent with the complaint, the Court is generally limited to the factual allegations in the complaint itself when evaluating a motion to dismiss. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (limiting the court's consideration upon a motion to dismiss to the "four corners of the

complaint" (citations omitted)); *Carson v. Cudd Pressure Control, Inc.*, 299 F. App'x 845, 848 (10th Cir. 2008) (unpublished) ("This court has noted that 'it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint.'") (quoting *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001)); *Chapman v. Hedderman*, No. CIV-20-825-D, 2021 WL 2149322, at *2 n.1 (W.D. Okla. May 26, 2021) ("Plaintiff cannot, however, amend her pleading by adding new factual allegations or claims in her response brief.").

Here, Plaintiff has alleged such a volume of new facts in her Response that the Court cannot properly consider them when evaluating Defendants' Motion. [*See* Doc. No. 19]. Nor can the Court consider legal theories raised for the first time in Plaintiff's Response. [*See id.* ¶ 2 (raising a claim under the Oklahoma Anti-Discrimination Act)]. Accordingly, the Court only considers the claims and factual allegations in Plaintiff's complaint and Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination [Doc. No. 18-1], which Plaintiff references in her complaint. [Doc. No. 1-1 at 5].[2]

---

[2] The Court can properly consider the EEOC Charge without converting this Motion into one for summary judgment because (1) Plaintiff references it in her complaint, (2) it is central to Plaintiff's claims, and (3) Plaintiff has not disputed its authenticity. *See Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 F. App'x 741, 742 n.1 (10th Cir. 2019) (unpublished) (concluding that the court could properly consider the EEOC Charge attached to the motion to dismiss because the plaintiff referenced it in the complaint, it was central to the plaintiff's claims, and the parties did not dispute the authenticity).

### III. ANALYSIS

#### A. Title VII does not allow Plaintiff's claims against Wedman in her individual capacity.

The Court turns first to Defendants' argument that the Court must dismiss Plaintiff's Title VII claims against Wedman because Title VII does not provide for individual liability. [Doc. No. 18 at 11–12].

The Tenth Circuit has recognized that Title VII prohibits discrimination by employers and does not provide for suits against supervisors in their individual capacities. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e continue to adhere to this court's established, pre-amendment rule that personal capacity suits against individual supervisors are inappropriate under Title VII."). The proper way to bring a Title VII claim is as follows:

> Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

*Id.* at 899 (emphasis in original) (quoting *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)).

Because Plaintiff has named her former employer, Sodexo, as a defendant, Plaintiff's Title VII claims against Wedman, whom she does not allege was her employer, are superfluous, and the Court dismisses them. *See Shepherd v. RSM Dev., Inc.*, No. CIV-19-129-R, 2019 WL 2167422, at *2 (W.D. Okla. May 17, 2019)

(explaining that naming individual supervisors in their official capacities is superfluous when the employer itself is already named as defendant) (citing *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (unpublished)).

> **B.     Plaintiff did not exhaust her administrative remedies regarding her Title VII discrimination claims based on gender, sex, and sexual orientation.**

The Court next addresses Defendants' argument that Plaintiff failed to exhaust her administrative remedies regarding Title VII claims for discrimination based on gender, sex, and sexual orientation. [Doc. No. 18 at 12–14].

Failure to exhaust administrative remedies is an affirmative defense. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1163–64 (10th Cir. 2018) ("[T]he current state of the law in the Tenth Circuit is that 'a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.'") (quoting *Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018)). The Court may consider an affirmative defense upon a motion to dismiss "[i]f the defense appears plainly on the face of the complaint itself." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). Defendants' affirmative defense relies upon Plaintiff's EEOC Charge. [Doc. No. 18 at 13]. As referenced above, the Court may properly consider the EEOC Charge without converting the Motion into one for summary judgment because Plaintiff referenced it in her complaint, it is central to Plaintiff's claims, and the parties do not dispute its authenticity. *See Davis*, 764 F. App'x at 742 n.1.

Requiring a plaintiff to exhaust administrative remedies before filing a Title VII suit serves the following two purposes: (1) "to give notice of the alleged violation to the charged party;" and (2) "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith*, 904 F.3d at 1164 (citation omitted). "To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (internal quotation marks and citation omitted).

The Court, therefore, must examine the scope of the EEOC Charge to determine the scope of the administrative investigation pertaining to her claims. Although the Court must "liberally construe" the EEOC Charge, Plaintiff must have raised facts in the EEOC Charge concerning the discriminatory actions underlying her claims. *Id.* "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Id.* (internal quotation marks, alterations, and citations omitted).

Although Plaintiff alleges discrimination based on race, color, and gender/sex in her complaint, [Doc. No. 1-1 at 4], she only identifies discrimination based on race in her EEOC Charge. [Doc. No. 18-1 at 1]. She answers "race" as the basis for discrimination, and in her supporting factual allegations, she also states that "I believe that I was discriminated against due to my race (white) and discharged in retaliation." [*Id.*]. Plaintiff does not raise allegations that would cause the Court to determine that the EEOC

9

investigation would encompass claims of gender, sex, or sexual orientation discrimination. *See Smith*, 904 F.3d at 1164. The Court therefore concludes that Defendants have established their affirmative defense relating to those claims and dismisses Plaintiff's claims for discrimination based upon gender, sex, or sexual orientation.[3]

    **C.**    **Plaintiff does not state a claim for Title VII discrimination.**

Defendants next argue that Plaintiff has failed to state a claim for discrimination under Title VII. [Doc. No. 18 at 14–19]. Plaintiff asserts Defendants discriminated against her based on her color, race, gender, sex, and sexual orientation.[4] [Doc. No. 1-1 at 4, 5]. Plaintiff claims Defendants discriminated against her as part of majority groups. [*See id.* at 5]. Plaintiff does not support her discrimination claim with direct evidence of discrimination but circumstantial or indirect evidence. [*See id.*].

The Court examines such claims under the *McDonnell Douglas* framework, regardless of whether the plaintiff is a majority or minority group member. *See Ames v.*

---

[3] In her Response, Plaintiff identifies statements made during the EEOC investigation into her claims. [Doc. No. 19 ¶ 6]. Plaintiff asserts these statements made "it very clear that she believed she was discriminated [against] because she was a white female[.]" [*Id.*]. Even if the Court could consider these alleged facts made in Plaintiff's Response, the Court's "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *Logsdon v. Turbines, Inc.*, 399 F. App'x 376, 379 (10th Cir. 2010) (unpublished) (emphasis in original) (citation omitted). Accordingly, the Court cannot consider statements Plaintiff made outside of the EEOC Charge.

[4] Although the Court has already determined Plaintiff did not exhaust her administrative remedies regarding all discrimination claims except race, the Court will consider this argument as an alternate ground for dismissal for those claims.

*Ohio Dep't of Youth Servs.*, 605 U.S. 303, 305–06 (2025) (holding that majority group plaintiffs do not have to satisfy the additional requirement of showing "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority"). When a plaintiff seeks to establish discrimination through circumstantial evidence, she must plausibly allege the following elements to establish a prima facie case of discrimination: (1) "she is a member of a protected class," (2) "she suffered an adverse employment action," and (3) "the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). "Only after the plaintiff clears this initial hurdle does the burden shift to the employer to prove a 'legitimate, non-discriminatory reason for the adverse employment action.'" *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quoting *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012)).

The *McDonnell Douglas* framework is not a pleading requirement. *Barrett v. Salt Lake Cnty.*, 754 F.3d 864, 867 (10th Cir. 2014). Accordingly, at the motion to dismiss stage, "a plaintiff need not conclusively *prove* a violation of Title VII." *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1137 (10th Cir. 2024) (emphasis in original). The Court, therefore, must consider whether Plaintiff has stated a discrimination claim by plausibly alleging facts supporting a prima facie case for discrimination. *See id.* at 1137–38.

"While we do not mandate the pleading of any specific facts in particular, a plaintiff must include enough context and detail to link the allegedly adverse employment

action to a discriminatory or retaliatory motive with something besides sheer speculation." *Id.* at 1141–42 (internal quotation marks and citation omitted). Examples of facts that give rise to an inference of discrimination include that an employer treated a similarly situated employee more favorably and discriminatory comments during an investigation and subsequent termination. *See id.*

> Plaintiff's allegations supporting her discrimination claim are as follows:
>
> The grounds for termination, according to Cathy [Wedman], were that I had purchased items from unapproved vendors without permission, that I had planned an off-site wedding for an internal manager without approval, that I had done other off-site events without [permission], and that I had utilized sick days as vacation days. These allegation[s] are false or are misguided based on the approvals I had received from Cathy. There was never an investigation that took place where I was able to provide [information] to Cathy regarding these allegations. It [should] also be noted that I had recently terminated the Executive Chef who was an African American woman who [identified] as a lesbian. When I terminated this individual, the [individual] said that she was a "black gay woman" and that she would use this to her advantage. It is speculated that this individual took it upon herself to set out to get me terminated by using her race and gender and sexual preference to exploit Sodexo into terminating me. And because I was not an African American gay woman, Sodexo derived these false allegations to terminate me in order to save themselves from possible [exploitation].

[Doc. No. 1-1 at 5]. Defendants argue that Plaintiff has not alleged facts that give rise to an inference of discrimination. [Doc. No. 18 at 16–19].

Plaintiff has not pled facts giving rise to an inference of discrimination relating to her termination. Plaintiff states that the employee she terminated said she would use her status as a gay, black woman to her advantage, but Plaintiff has not pled facts linking that statement to Plaintiff's termination. [Doc. No. 1-1 at 5]. Nor has Plaintiff pled other facts supporting an inference of discrimination, such as other similarly situated employees

12

were treated more favorably or that discriminatory comments were made relating to her termination or during the course of Plaintiff's subsequent inquiries.[5] [*See id.*].

### D. Plaintiff fails to state a claim for Title VII retaliation.

Defendants next argue that Plaintiff fails to state a claim for retaliation under Title VII. [Doc. No. 18 at 19–20]. The Court examines a retaliation claim based on circumstantial evidence under the same burden shifting framework outlined above. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004) ("Where there is no direct evidence of retaliation, we analyze a retaliation claim under the *McDonnell Douglas* burden-shifting framework."). Accordingly, the Court must examine whether Plaintiff has plausibly alleged facts supporting a prima facie retaliation claim. The elements of a prima facie case of retaliation are (1) Plaintiff engaged in protected opposition to discrimination, (2) Sodexo took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action. *Id.* at 1071.

Defendants dispute that Plaintiff has plausibly alleged facts supporting the first element—that Plaintiff engaged in protected opposition to discrimination. [Doc. No. 18 at 20]. Plaintiff alleges that Wedman terminated her in retaliation for a harassment case Plaintiff filed against Wedman and another Sodexo employee. [Doc. No. 1-1 at 5 ("I had recently filed a harassment case against Maria Miller as well as Cathy Wedman for their treatment of me and my staff during an investigation. I feel that the termination was also

---

[5] The Court bases this determination on facts pled in Plaintiff's complaint, not upon facts stated in Plaintiff's Response. To the extent Plaintiff bases her claims on facts outside the complaint, Plaintiff needs to amend her complaint to include those facts.

a direct retaliation of my actions when I filed the harassment case against Maria Miller and Cathy Wedman.")].

Plaintiff fails to allege that she engaged in a protected opposition to discrimination. She states that the case she filed was the result of Wedman's and Maria Miller's treatment of her and her staff, but she does not state the complaint she filed was in opposition to unlawful discrimination. [*See id.*]. To constitute opposition to discrimination, Plaintiff must have based her harassment case on allegations of unlawful discrimination. *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("[W]e conclude that the absence of [a reference to unlawful discrimination] can preclude a retaliation claim because an employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII."). Because Plaintiff has failed to plead this, the Court concludes Plaintiff has failed to state a claim for Title VII retaliation.

### E.  Plaintiff fails to state a claim for defamation.

The Court next considers whether Plaintiff has stated a claim for defamation under Oklahoma law. A federal court exercising supplemental jurisdiction over state law claims applies state law to substantive claims. *Felder v. Casey*, 487 U.S. 131, 151 (1988).

To state a claim for defamation under Oklahoma law, Plaintiff must plead facts demonstrating "(1) A false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher[,] and (4) either the actionability of the statement irrespective of special damage per se, or the existence of special damage per quod." *Nelson v. Am. Hometown Publ'g, Inc.*, 2014 OK

14

CIV APP 57, ¶ 24, 333 P.3d 962, 969 (internal quotation marks, alterations, and citations omitted). Defendants argue that Plaintiff has not stated a claim for defamation because she has failed to allege an unprivileged publication to a third party. [Doc. No. 18 at 21–22].

In Plaintiff's complaint, she states, "Overall, the actions that Sodexo allowed to be carried out by Cathy Wedman are, in my opinion, considered to be [discriminatory] based on race, sex and sexual preference as well as defamation of character and retaliation." [Doc. No. 1-1 at 5]. The actions carried out by Wedman, however, only describe intracompany communications.[6] [*See id.*]. Under Oklahoma law, intracompany communications are not considered publications for purposes of defamation claims. *Thornton v. Holdenville Gen. Hosp.*, 2001 OK CIV APP 133, ¶ 11, 36 P.3d 456, 460 ("Communication inside a corporation, between its officers, employees, and agents, is never a publication for the purposes of actions for defamation.") (citing *Magnolia Petrol. Co. v. Davidson*, 1944 OK 182, ¶ 35, 148 P.2d 468, 471). Therefore, to state a defamation claim under Oklahoma law, Plaintiff must plead publication outside of Sodexo, which she does not do in her complaint. [*See* Doc. No. 1-1 at 5]. Thus, she has failed to state a claim for defamation.

---

[6] The Court bases this determination on facts pled in Plaintiff's complaint, not upon facts stated in Plaintiff's Response. To the extent Plaintiff bases her claims on facts outside the complaint, Plaintiff needs to amend her complaint to include those facts.

### F. The Court dismisses some of Plaintiff's claims without prejudice because amendment is not necessarily futile.

Defendants request that the Court dismiss Plaintiff's claims with prejudice because allowing Plaintiff to amend would be futile. [Doc. No. 18 at 22–23]. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

The Court dismisses certain of Plaintiff's claims with prejudice because allowing Plaintiff the opportunity to amend would be futile. Specifically, the Court dismisses Plaintiff's Title VII claims against Wedman with prejudice because, as explained above, any claims Plaintiff can assert against Wedman are in her official capacity, which are essentially claims against Sodexo. Thus, Plaintiff is not allowed to seek leave to amend to state Title VII claims against Wedman.

Although the Court dismisses Plaintiff's claims for discrimination based upon gender, sex, or sexual orientation without prejudice for failure to exhaust administrative remedies,[7] the Court declines to afford Plaintiff an opportunity to seek leave to amend those claims because Plaintiff has no basis for those claims considering the Court's analysis and conclusions.

---

[7] *Smith*, 904 F.3d at 1166 ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies [in the Title VII context] should be *without* prejudice.") (emphasis in original) (citation omitted).

However, the Court dismisses Plaintiff's claims for Title VII discrimination based upon race against Sodexo, Title VII retaliation against Sodexo, and defamation against Defendants without prejudice and will permit Plaintiff to seek leave to amend those claims.[8] Plaintiff has stated certain factual allegations in her Response that might "nudge[] [her] claims across the line from conceivable to plausible" if she pled those facts in her complaint. *Twombly*, 550 U.S. at 570.

## IV.   CONCLUSION

For the reasons outlined above, the Court GRANTS Defendants' Motion to Dismiss. The Court DISMISSES Plaintiff's Title VII claims against Wedman with prejudice. The Court DISMISSES Plaintiff's claim for Title VII discrimination based upon gender, sex, or sexual orientation without prejudice but without leave to amend.

The Court DISMISSES Plaintiff's Title VII discrimination claim based upon race against Sodexo, Title VII retaliation claim against Sodexo, and defamation claim against Defendants without prejudice. The Court will refrain from entering a judgment in this case until fourteen (14) days after the entry of this Order. During that time, the Court will entertain a motion to amend from Plaintiff, moving the Court to allow Plaintiff to amend her complaint regarding her Title VII discrimination claim based upon race against

---

[8] Defendants argue the Court should dismiss Plaintiff's defamation claim with prejudice because, even if she can amend her pleading to include allegations in her Response that Wedman made false statements about her to a third party, those statements did not occur within the last year. [Doc. No. 20 at 10–11]. According to Defendants, any allegations Plaintiff could add in an amended pleading would be time-barred. [*Id.* at 11]. Because Federal Rule of Civil Procedure 15(c) allows for amended pleadings to relate back to the date of the original pleading in certain circumstances, the Court declines to address this argument at this point.

Sodexo, her Title VII retaliation claim against Sodexo, and her defamation claim against Defendants in an attempt to cure the deficiencies addressed in this Order.[9] Plaintiff will attach a copy of her proposed amended pleading to any motion to amend and must comply with this Order and Federal Rule of Civil Procedure 8 and 15 and Local Civil Rule 15.1. Plaintiff's failure to timely and properly do so will result in the entry of the judgment.

    IT IS SO ORDERED this 27th day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[9] The Court reminds Plaintiff that, although she appears pro se, she is subject to the same rules and requirements as attorneys and must follow the Federal Rules of Civil Procedure and Local Civil Rules. The Court also reminds Plaintiff that she is subject to Rule 11 when she presents a pleading, written motion, or other paper to the Court.